**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| BEATS ELECTRONICS, LLC, | ) | |
| | ) | |
| | ) | Case No. 14-cv-5209 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Beats Electronics, LLC ("Beats") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**I. JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq. 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Beats' business within

this Judicial District. Through at least the fully interactive commercial Internet websites operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"), each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to Illinois, accept payment in U.S. dollars and, on information and belief, has sold counterfeit Beats products to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Beats substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Beats to combat online counterfeiters who trade upon Beats' reputation and goodwill by selling and/or offering for sale unlicensed and counterfeit products featuring Beats' trademarks (the "Counterfeit Beats Products"). The Defendants create the Defendant Internet Stores by the hundreds or even thousands and design them to appear to be selling genuine Beats products, while actually selling low-quality Counterfeit Beats Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as website design and similarities of the Counterfeit Beats Products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. Beats is forced to file these actions to combat Defendants' unauthorized counterfeiting of the registered Beats trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Beats Products over the Internet. Beats has been and continues to be irreparably damaged through

consumer confusion, dilution, and tarnishment of its valuable Beats trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

**III. THE PARTIES**

**Plaintiff**

4.     Plaintiff Beats is well-known throughout the United States and elsewhere as a source of premium quality headphones, earphones, cables and speakers, among other sound transmission products and accessories and audio software (collectively, the "Beats Products"). Beats Products are distributed and sold to consumers through authorized retailers throughout the United States and globally, including Apple, Target, Best Buy, ABT Electronics, Radio Shack and Wal-Mart stores across the country and in Illinois.  In addition, Beats Products are sold online at the official beatsbydre.com website, as well as the official websites for the previously mentioned authorized retailers.

5.     Beats has continuously sold sound transmission products under the federally registered Beats trademarks since being co-founded by rap/hip-hop mogul Andre "Dr. Dre" Young and music producer Jimmy Iovine in 2006.

6.     In addition to common law trademark rights, Beats holds registrations for its trademarks, including the iconic "b" logo and stylized variations thereof in many countries around the world, including with the United States Patent and Trademark Office (collectively, "the BEATS Trademarks," a non-exclusive list of which is included below).

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 3,514,282 |  | FOR: AUDIO EQUIPMENT, NAMELY, HEADPHONES IN CLASS 009. |
| 4,060,781 |  | FOR: AUDIO SPEAKERS; LOUDSPEAKERS IN CLASS 009. |
| 3,881,677 |  | FOR: HEADPHONES IN CLASS 009. |
| 3,862,142 | BEATS | FOR: HEADPHONES IN CLASS 009. |
| 4,314,931 | BEATS PILL | FOR: AUDIO SPEAKERS; LOUDSPEAKERS IN CLASS 009. |
| 4,314,920 | BEATS EXECUTIVE | FOR: HEADPHONES IN CLASS 009. |
| 4,176,105 | BEATS BY DR. DRE | FOR: MEDIA PLAYERS FOR AUTOMOBILES; DVD PLAYERS FOR AUTOMOBILES; CD |

| | | PLAYERS FOR AUTOMOBILES; DIGITAL AUDIO PLAYERS FOR AUTOMOBILES; AUDIO SPEAKERS; CAR AUDIO SPEAKERS; LOUDSPEAKERS; LOUDSPEAKER CABINETS; HORNS FOR LOUDSPEAKERS; HEADPHONES; PERSONAL HEADPHONES FOR USE WITH SOUND TRANSMITTING SYSTEMS; MEDIA PLAYERS FOR AUTOMOBILES IN CLASS 009.  FOR: T-SHIRTS IN CLASS 025. |
|---|---|---|
| 4,035,777 | BEATS | FOR: AUDIO SPEAKERS; LOUDSPEAKERS IN CLASS 009. |
| 4,355,601 | POWERBEATS BY DR. DRE | FOR: HEADSETS FOR MOBILE PHONES; HEADPHONES, PERSONAL HEADPHONES FOR USE WITH SOUND TRANSMITTING SYSTEMS IN CLASS 009. |
| 4,314,930 | URBEATS | FOR: HEADPHONES IN CLASS 009. |
| 4,314,478 | BEATS STUDIO | FOR: HEADPHONES IN CLASS 009. |
| 4,177,191 | BEATS PRO | FOR: HEADPHONES; PERSONAL HEADPHONES FOR USE WITH SOUND TRANSMITTING SYSTEMS IN CLASS 009. |
| 3,177,979 | BEAT BOX | FOR: COMPUTER SOFTWARE FOR |

| | | SEARCHING AND RETRIEVING INFORMATION, SITES AND OTHER RESOURCES ON COMPUTER NETWORKS; COMPUTER SOFTWARE FOR SENDING STREAMING MEDIA OVER A COMPUTER NETWORK; DIGITAL JUKE BOX INCLUDING COMPUOTER HARDWARE AND SOFTWARE FOR DISTRIBUTING, SELECTING AND PLAYING AUDIO AND VIDEO MUSICAL INFORMATION; PRERECORDED MUSICAL SOUND RECORDINGS IN CLASS 009. |
|---|---|---|

7.      The BEATS Trademarks have been used exclusively and continuously by Beats, some since at least as early as 2006.  True and correct copies of the-above referenced United States trademark registrations are attached hereto as **Exhibit 1**.  These registrations are valid and subsisting, and many are incontestable pursuant to 15 U.S.C. § 1065.

8.      Beats has built substantial goodwill in the BEATS Trademarks.  The BEATS Trademarks are famous and valuable assets of Beats.

9.      The BEATS Trademarks are exclusive to Beats, and are displayed extensively on Beats Products and in Beats' marketing and promotional materials.  Beats Products are among the most popular headphones and speakers in the United States and the world and have been extensively promoted and advertised at great expense.  In fact, Beats and its authorized retailers and partners have expended tens of millions of dollars annually on advertising, promoting and

marketing featuring the BEATS Trademarks. Beats Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items. Because of these and other factors, the Beats name and the BEATS Trademarks have become famous throughout the United States.

10.     The BEATS Trademarks are distinctive when applied to the Beats Products, signifying to the purchaser that the products come from Beats and are manufactured to Beats' quality standards. Whether Beats manufactures the products itself or licenses others to do so, Beats has ensured that products bearing its trademarks are manufactured to the highest quality standards. The BEATS Trademarks have achieved tremendous fame and recognition which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the BEATS Trademarks is of incalculable and inestimable value to Beats.

11.     Musicians and DJs including will.i.am, Lil Wayne, Lady Gaga, Nicki Minaj, David Guetta, Justin Beiber, and P.Diddy have all endorsed different Beats products or have been associated with the brand. Professional athletes from LeBron James to Serena Williams to Cam Newton are often seen using Beats Products while warming up, sitting in locker rooms, and preparing for competition. According to ESPN The Magazine, Beats Products are an athlete's must-have accessory. The Beats brand has also become a favorite among internationally-known celebrities, many of whom have been photographed wearing Beats Products, including Miley Cyrus, Eminem, Chris Rock, 2 Chainz, Zedd, Matt Kemp, Zendaya, Kendrick Lamar, and Ellie Goulding. As a result of solicited celebrity endorsement coupled with the unsolicited popularity of the Beats brand among celebrities and others, the red "b" logo  has become iconic, making Beats Products, particularly Beats headphones, a status symbol and a must-have product for millions of young people.

12.  Beats' savvy marketing, innovative headphone designs and cutting-edge sound have lead to unprecedented growth in the headphone industry. A mere four years ago, $59 million worth of premium headphones (those priced $99 and up) were sold in North America. In 2012, sales ballooned to $850 million, and nearly two out of three pairs of headphones carried Beats' authorized iconic "b" logo.

13.  Online sales through Beats' website and its authorized online retailers are significant. Beats has operated a website at beatsbydre.com since it was founded in 2006 and has promoted and sold genuine Beats Products through the e-commerce site since at least 2012. The beatsbydre.com website features proprietary content, images and designs exclusive to the Beats brand. Beats' official beatsbydre.com website is extraordinarily successful, with annual e-commerce sales totaling in the millions of dollars.

14.  Beats' innovative marketing, product designs and leading sound profile have enabled Beats to achieve widespread recognition and fame, and have made the BEATS Trademarks some of the most well-known marks in the headphone, speaker and sound transmission industry. The widespread fame, outstanding reputation, and significant goodwill associated with the Beats brand have made the BEATS Trademarks invaluable assets of Beats.

**The Defendants**

15.  Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets Illinois

residents and has offered to sell, and on information and belief, has sold and continues to sell Counterfeit Beats Products to consumers within the State of Illinois.

16.     On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products bearing counterfeit versions of the BEATS Trademarks in the same transaction, occurrence, or series of transactions or occurrences.  Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Beats to learn Defendants' true identities and the exact interworking of their massive counterfeit network.  In the event that Defendants and/or third party service providers provide additional credible information regarding the identities of Defendants, Beats will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

17.     The overwhelming success of the Beats brand has resulted in its significant counterfeiting.  Consequently, Beats has a worldwide anti-counterfeiting program and regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers.  In recent years, Beats has identified thousands of domain names linked to fully interactive websites and marketplace listings on platforms such as iOffer, including the Defendant Internet Stores, which were offering for sale, selling, and importing Counterfeit Beats Products to consumers in this Judicial District and throughout the United States.  Despite Beats' enforcement efforts online and on the ground, Defendants have persisted in creating the Defendant Internet Stores, which generate massive profits selling Counterfeit Beats Products.  Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales.  The U.S.

9

government seized over $1.26 billion in counterfeit goods in 2012, up from $1.11 billion in 2011. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

18.     Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Beats Products. Defendants' websites and marketplace listings look sophisticated and accept payment in U.S. dollars. Numerous Defendant Domain Names also incorporate the BEATS Trademarks into the URL, and oftentimes the websites include Beats' copyright-protected content, images, and product descriptions making it very difficult for consumers to distinguish such counterfeit sites from an authorized retailer. Some of the Defendant Internet Stores even go so far as to admit to selling counterfeit products, explicitly stating that they are offering "replica" or "fake" Beats products for sale. Beats has not licensed or authorized Defendants to use its BEATS Trademarks, and none of the Defendants are authorized resellers of genuine Beats Products.

19.     The Defendant Internet Stores accept payment via Western Union, credit card and/or PayPal and ship the Counterfeit Beats Products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to

associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

20.     Defendants also deceive unknowing consumers by using the BEATS Trademarks without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Beats Products.  Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics to increase website rank.  As a result, links to Defendants' websites show up at or near the top of popular search results and misdirect consumers searching for genuine Beats Products.

21.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores.  Many of Defendants' names and addresses used to register the Defendant Internet Stores are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information.  On information and belief, Defendants constantly create new Defendant Internet Stores using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses.  Such Defendant Internet Store registration patterns are one of many tactics used by the Defendants to conceal both their identities and the full scope and interworking of Defendants' massive counterfeiting operation.  Another tactic commonly used by Defendants to thwart enforcement efforts is to constantly change the location to which the Defendant Domain Names redirect.

22.     Even though Defendants operate under multiple fictitious names, many similarities between the Defendant Internet Stores indicate a coordinated effort to sell Counterfeit Beats Products.  For example, many of the Defendant Internet Stores have virtually identical layouts, even though different aliases were used to register the respective domain names.  In addition, Counterfeit Beats Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Beats Products were manufactured by and come from a common source and that Defendants are interrelated.  The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, similar name servers, and the use of the same text and images, including content copied from Beats' official beatsbydre.com website.

23.     Defendants, without any authorization or license from Beats, have knowingly and willfully used and continue to use the BEATS Trademarks in connection with the advertisement, offering for sale, and sale of Counterfeit Beats Products into the United States and Illinois over the Internet.  Each Defendant Internet Store offers shipping to Illinois residents and, on information and belief, each Defendant has sold Counterfeit Beats Products into Illinois.

24.     Defendants' use of the BEATS Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Beats Products, including the sale of Counterfeit Beats Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Beats.

12

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

25.     Beats re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 24.

26.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered BEATS Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The BEATS Trademarks are highly distinctive marks.  Consumers have come to expect the highest quality from Beats' products sold or marketed under the BEATS Trademarks.

27.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products bearing counterfeit reproductions of the BEATS Trademarks without Beats' permission.

28.     Upon information and belief, Defendants have knowledge of Beats' rights in the BEATS Trademarks and are willfully infringing and intentionally using counterfeits of the BEATS Trademarks.  Defendants' willful, intentional and unauthorized use of the BEATS Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

29.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30.     Beats has no adequate remedy at law, and if Defendants' actions are not enjoined, Beats will continue to suffer irreparable harm to its reputation and the goodwill of its well-known BEATS Trademarks.

31.     The injuries and damages sustained by Beats have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Beats Products.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

32.     Beats hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 31.

33.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Beats Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Beats or the origin, sponsorship, or approval of Defendants' Counterfeit Beats Products by Beats.

34.     By using the BEATS Trademarks on the Counterfeit Beats Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Beats Products.

35.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Beats Products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

36.     Beats has no adequate remedy at law and, if Defendants' actions are not enjoined, Beats will continue to suffer irreparable harm to its reputation and the goodwill of its Beats brand.

## COUNT III
## CLAIM FOR INJUNCTIVE RELIEF UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d)) AS TO THE DEFENDANTS OPERATING A DEFENDANT DOMAIN NAME INCORPORATING THE BEATS TRADEMARKS

37.     Beats hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 36.

38.     Beats is the exclusive owner of the BEATS Trademarks.  Registrations for the BEATS Trademarks (Exhibit 1) are in full force and effect.  Additionally, the BEATS Trademarks are highly distinctive and famous marks pursuant to 15 U.S.C. § 1125 and were famous before and at the time of the registration of the Defendant Domain Names.

39.     Upon information and belief, Defendants have acted with bad faith intent to profit from the unauthorized use of the BEATS Trademarks and the goodwill associated therewith by registering various domain names which are identical to, confusingly similar to, or dilutive of the BEATS Trademarks.

40.     Defendants have no intellectual property rights in or to the BEATS Trademarks.

41.     Defendants' actions constitute willful cybersquatting in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

42.     Beats has no adequate remedy at law, and the registration and use of the Defendant Domain Names has caused, is causing, and is likely to continue to cause substantial and irreparable injury to the public and to Beats.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510, et seq.)

43.     Beats hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

44.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit Beats Products as those of Beats; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Beats Products; representing that their products have Beats' approval when they do not; and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

45.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

46.     Beats has no adequate remedy at law, and Defendants' conduct has caused Beats to suffer damage to its reputation and goodwill.  Unless enjoined by the Court, Beats will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Beats prays for judgment against Defendants as follows:

1) That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the BEATS Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Beats Product or is not authorized by Beats to be sold in connection with the BEATS Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Beats Product or any other product produced by Beats that is not Beats' or not produced under the authorization, control, or supervision of Beats and approved by Beats for sale under the BEATS Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Beats Products are those sold under the authorization, control, or supervision of Beats, or are sponsored by, approved by, or otherwise connected with Beats;

d. further infringing the BEATS Trademarks and damaging Beats' goodwill;

e. otherwise competing unfairly with Beats in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Beats, nor authorized by Beats to be sold or offered for sale, and which bear any Beats trademark, including the BEATS Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Beats Products; and

h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product that is not

a genuine Beats Product or not authorized by Beats to be sold in connection with the BEATS Trademarks; and

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Beats a written report under oath setting forth in detail the manner in which Defendants have complied with paragraph 1, a through h, supra;

3) Entry of an Order that the registrant of the Defendant Domain Names shall be changed from the current registrant to Beats, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Beats' selection, and that the domain name registrars take any steps necessary to transfer the Defendant Domain Names to a registrar of Beats' selection;

4) Entry of an Order that, upon Beats' request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as iOffer, social media platforms such as Facebook, YouTube, LinkedIn and Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, domain name registrars and domain name registries, shall:

   a. disable and cease providing services for any accounts through which Defendants engage in the sale of Counterfeit Beats Products using the BEATS Trademarks, including any accounts associated with the Defendants listed on Schedule A;

b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Beats Products using the BEATS Trademarks; and

c.  Take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index; and

5)  That Defendants account for and pay to Beats all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that the amount of damages for infringement of the BEATS Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6)  In the alternative, that Beats be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the BEATS Trademarks and $100,000 per domain name pursuant to 15 U.S.C. § 1117(d);

7)  That Beats be awarded its reasonable attorneys' fees and costs; and

8)  Award any and all other relief that this Court deems just and proper.

Dated this 9th day of July 2014.                    Respectfully submitted,

__/s/ Justin R. Gaudio_____
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Greer, Burns & Crain, Ltd.
300 South Wacker Drive
Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net

*Counsel for Beats Electronics, LLC*

19